**SOVIET IMPORT EXPORT, INC., Plaintiff-Appellant,**

v.

**GENERAL TIRE INTERNATIONAL COMPANY, Defendant-Appellee.**

No. 77–3080.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 9, 1978.

Decided Nov. 2, 1978.

Allan B. Diefenbach, Alpeter, Diefenbach & Davies, Akron, Ohio, for plaintiff-appellant.

Richard E. Guster, Roetzel & Andress, Akron, Ohio, for defendant-appellee.

Before PHILLIPS, Chief Judge, and LIVELY and MERRITT, Circuit Judges.

PER CURIAM.

The plaintiff appeals from summary judgment entered in favor of the defendant in this action to recover a "finder's fee." In granting summary judgment the district court assumed the existence of an oral contract for the payment of a fee of 5% for the services of the plaintiff. The court found, on the basis of depositions and other evidence, that the oral contract was made in New York and held that the law of that jurisdiction governs the validity of the contract. This was a correct application of the conflict of laws rule of Ohio in this diversity case. See *Arsham v. Banci,* 511 F.2d 1108, 1114 (6th Cir. 1975).

Applying the law of New York to determine the validity of the contract the district court concluded that the New York Statute of Frauds (General Obligations Law, § 5–701(a)(10))[1] renders the oral contract void

---

1. In relevant part, § 5–701(a)(10) provides—
    Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking:

10. Is a contract to pay compensation for services rendered in negotiating a loan, or in negotiating the purchase, sale, exchange, renting or leasing of any real estate or interest therein, or of a business opportunity, business, its good will, inventory, fixtures or

in the absence of a sufficient memorandum in writing. On appeal the plaintiff contends that § 5–701(a)(10) does not apply to its contract with the defendant. Its primary argument is that the statute only applies to contracts for the purchase or sale of the majority interest in a business and that no such transaction was involved here. The contract in question concerned Soviet Import Export's efforts to bring about General Tire's participation in the construction of a radial tire factory in Romania.

■ While this court applied the "majority interest" limitation to § 5–701(a)(10) in *Arsham v. Banci, supra,* we stated that we were following the lead of intermediate courts of New York and a United States District Court sitting in New York in the absence of a definitive construction of the statute by the highest court of the State. The Court of Appeals of New York, in a case with many factual similarities to the present one, has now held that recovery under an oral contract for the payment of services to one acting as a broker or negotiator in the sale of businesses and business opportunities is barred by § 5–701(a)(10). *Freedman v. Chemical Construction Corp.,* 43 N.Y.2d 260, 401 N.Y.S.2d 176, 372 N.E.2d 12 (1977). This decision forecloses the claim of the plaintiff based on an oral contract.

■ On appeal the plaintiff also contends that there were letters written by representatives of the defendant which were sufficient memoranda of the agreement to remove it from the statute of frauds, or at least presented issues of material fact which made summary judgment improper. An examination of the correspondence included in the appendix discloses that it does not satisfy the requirements of a memorandum sufficient to remove an agreement from the statute of frauds. We find no error in the district court proceedings. Accordingly,

The judgment of the district court is affirmed.

an interest therein, including a majority of the voting stock interest in a corporation and including the creating of a partnership interest. "Negotiating" includes procuring an introduction to a party to the transaction or assisting in the negotiation or consummation of the transaction. This provision shall apply to a contract implied in fact or in law to pay reasonable compensation but shall not apply to a contract to pay compensation to an auctioneer, an attorney at law, or a duly licensed real estate broker or real estate salesman. As amended L.1964, c. 561.